**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Diana Decker, ) | No. CV 08-1919-PHX-JAT |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Michael J. Astrue, Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

As an initial matter, pursuant to the mandate of the Ninth Circuit Court of Appeals (Doc. # 36), this Court's Order, dated February 2, 2010, is vacated (Doc. # 27). Accordingly, the denial of social security benefits is reversed, and this matter is remanded to the Commissioner of the Social Security Administration (the "Commissioner") for additional administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Also pending before this Court is Plaintiff Diana L. Decker's Application for Attorney Fees Under the Equal Access to Justice Act. (Doc. # 33.) Plaintiff petitions this Court for an award of attorney's fees in the amount of $13,014.00[1], and costs in the amount of $805.00.

---

[1] The attorney's fees incurred by Plaintiff's counsel are calculated as follows: 3.8 hours at $172.85/hour for work performed in 2008, 35.8 hours at $174.24/hour for work performed in 2009, and 35.45 hours at $174.64/hour for work performed in 2010.

1 In Appellee's Unopposed Motion for Full Remand filed with the Ninth Circuit Court of Appeals, the Commissioner agreed that "[i]n the event that Plaintiff/Appellant files a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 [("EAJA")], the Commissioner agrees that he will not argue that his position was substantially justified." *Decker v. Astrue*, No. 10-15493 (9th Cir. Oct. 6, 2010) (Doc. # 17).

The EAJA provides that "a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a) [of the EAJA], to the prevailing party in any civil action brought by or against the United States or any agency." 28 U.S.C. § 2412(b). This Court shall award attorney's fees and costs to a prevailing party, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Id.* § 2412(d)(1)(A); *see Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). As noted above, the Commissioner does not argue that his position was substantially justified. Nor does the Commissioner argue that there are special circumstances that make an award of fees and costs under the EAJA unjust. Further, the Commissioner does not dispute the amount of fees and costs incurred.[2]

Considering the document hours and results obtained by Plaintiff's counsel, this Court finds there was adequate documentation, and no duplicative efforts, excessive time spent, dilatory conduct, or disproportionate fees. Accordingly, this Court finds that an EAJA fee award of $13,819.00 is reasonable, as required under the EAJA. Moreover, given the fact that this case has spanned multiple levels of appeals over the course of three years, this Court not consider the claimed hours unreasonable.

---

[2] In fact, the rates charged by Plaintiff's counsel in 2008, 2009 and 2010 equal the Ninth Circuit's statutory maximum hourly rates under the EAJA, adjusted for increases in the cost of living. *See* "Statutory Maximum Rates Under the Equal Access to Justice Act," *available at* http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited Feb. 28, 2011).

The Commissioner, however, argues that pursuant to recent Supreme Court precedent, this Court may only award fees to a litigant, not to her attorney, under the EAJA. *See Astrue v. Ratliff*, __ U.S. __, 130 S. Ct. 2521, 2524 (2010). The Commissioner argues that "[a]lthough Plaintiff has submitted documentation indicating that she assigned her right to an EAJA award to her attorney, this Court should not award EAJA fees directly to counsel." (Doc. # 34 at p. 2.) Plaintiff does not quarrel with the Commissioner's position: "Plaintiff's Counsel affirmatively acknowledges that the EAJA belongs to Plaintiff and proposes EAJA approval language stating that the fee is payable to Plaintiff." (Doc. # 35 at pp. 1–2.) Therefore, this Court directs the fees and costs be paid directly to Plaintiff, and disbursed by the Commissioner in accordance with Government guidelines.

Accordingly,

**IT IS ORDERED** that this case is REMANDED to the Commissioner of Social Security for further administrative proceedings.

**IT IS FURTHER ORDERED** that Plaintiff's Application for Attorney Fees under the Equal Access to Justice Act (Doc. # 33) is GRANTED, and Plaintiff is awarded attorney's fees totaling $13,014.00.

**IT IS FURTHER ORDERED** that Plaintiff is awarded $805.00 in costs pursuant to 28 U.S.C. § 2412(a)(1), to be paid out of the Judgment Fund, as administered by the United States Department of Justice.

**IT IS FINALLY ORDERED** that the EAJA attorney's fees and costs award of $13,819.00 shall be made payable to Plaintiff.

DATED this 2nd day of March, 2011.

James A. Teilborg
United States District Judge